719 So.2d 245 (1998)
WAL-MART STORES, INC., et al.
v.
Glinda Gay ROBBINS.
2960149.
Court of Civil Appeals of Alabama.
June 19, 1998.
*246 H.E. Nix, Jr., and David P. Stevens of Nix, Holtsford & Vercelli, P.C., Montgomery, for appellants.
No brief filed on return to remand.

On Return to Remand
YATES, Judge.
We remanded this case for the trial court to make written findings on the question whether the punitive damages award was excessive. See 707 So.2d 284 (Ala.Civ.App. 1997). The court made extensive findings and determined that the punitive damages award was not excessive. We agree.
Our supreme court has addressed the question of excessiveness of punitive damages awards in a number of recent opinions, including Ford Motor Co. v. Sperau, 708 So.2d 111 (Ala.1997); American Pioneer Life Ins. Co. v. Williamson, 704 So.2d 1361 (Ala. 1997); Life Ins. Co. of Georgia v. Johnson, 701 So.2d 524 (Ala.1997); Union Security Life Ins. Co. v. Crocker, 709 So.2d 1118 (Ala. 1997): and BMW of North America, Inc. v. Gore, 701 So.2d 507 (Ala.1997) ("BMW II"). These opinions were issued after the United States Supreme Court had remanded the cases for reconsideration of punitive damages awards in light of BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) ("BMW I").
In BMW I, the United States Supreme Court cited three guideposts that a court should use in reviewing a punitive damages award for excessiveness: the degree of reprehensibility of the defendant's action; the ratio between the punitive damages award and the compensatory damages award; and a comparison of the punitive damages award to the civil or criminal penalties that could be imposed for comparable misconduct. 517 U.S. at 575, 116 S.Ct. 1589.
Our supreme court recognized in BMW II that the three guideposts set out by the United States Supreme Court in BMW I did not exclude a court's consideration of the factors previously prescribed for our courts in Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala.1989), and Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986).
First, we must consider the degree of reprehensibility of the defendant's conduct. The United States Supreme Court in BMW I cited this factor as perhaps the most important factor for a court to consider when reviewing an award for excessiveness. The degree of reprehensibility is also one of the Green Oil Co. factors. Our supreme court has stated that in determining the reprehensibility of a defendant's conduct the reviewing court may consider "`[the] duration of this conduct, the degree of the defendant's awareness of any hazard which his conduct has caused or is likely to cause, and any concealment or "cover up" of that hazard, and the existence and frequency of similar past conduct.'" Id., 539 So.2d at 223, quoting Aetna Life Ins. Co. v. Lavoie, 505 So.2d 1050, 1062 (Ala.1987).
The evidence established that a pharmacy operated by the defendant Wal-Mart Stores, Inc., had misfilled the plaintiff Glinda Gay Robbins's thyroid prescription on January 13, 1993, and then had misfilled the prescription four more timesApril 22, 1993, August 7, 1993, November 18, 1993, and March 2, 1994. The evidence also established that Wal-Mart had misfilled three other persons' prescriptions after January 13, 1993, but before March 2, 1994. Accordingly, there was evidence before the jury indicating that Wal-Mart had misfilled Robbins's prescriptions five times between January 13, 1993, and March 2, 1994, and also had misfilled a total *247 of 14 prescriptions of other customers during the same relevant time.
Based on the facts of this case, we conclude that the degree of reprehensibility was high enough to support the punitive damages award.
Next, we compare the punitive award to the compensatory award. This second guidepost set out in BMW I is also a Green Oil Co. factor. The punitive award of $190,000 is 19 times the $10,000 compensatory award. The United States Supreme Court, in BMW I, reiterated that there is no exact mathematical formula for determining when a punitive damages award is excessive. 517 U.S. at 582, 116 S.Ct. 1589. The Court stated:
"Of course, we have consistently rejected the notion that the constitutional line is marked by a simple mathematical formula, even one that compares actual and potential damages to the punitive award. Indeed, low awards of compensatory damages may properly support a higher ratio than high compensatory awards, if, for example, a particularly egregious act has resulted in only a small amount of economic damages. A higher ratio may also be justified in cases in which the injury is hard to detect or the monetary value of noneconomic harm might have been difficult to determine.... In most cases, the ratio will be within a constitutionally acceptable range, and remittitur will not be justified on this basis."
517 U.S. at 582-83, 116 S.Ct. 1589 (citations omitted; emphasis in original).
In the cases decided after BMW I, our supreme court has found the following ratios to be reasonable; Ford Motor Co., 1 to 1; American Pioneer Life Ins. Co., 3 to 1; Life Ins. Co. of Georgia, 12 to 1; Union Security Life Ins. Co., 68 to 1; BMW II, 13 to 1. Based on our review of these cases, we cannot say that the 19 to 1 ratio of damages in this case is unreasonable. This case involved personal injuries in which the jury awarded low compensatory damages, apparently because it was difficult for the jury to value the noneconomic harm suffered by Robbins. In BMW I, the court determined that such a scenario would justify a higher ratio. 517 U.S. at 582, 116 S.Ct. 1589. Under these circumstances, we conclude that the 19 to 1 ratio of punitive damages to compensatory damages is not excessive.
The third factor we must consider is the relationship of the punitive damages award to the civil or criminal penalties that could be imposed for comparable misconduct. In BMW II, our supreme court stated that the maximum statutory sanction against insurance fraud in Alabama is meager and stated, "Because the legislature has set the statutory penalty for deceitful conduct at such a low level, there is little basis for comparing it with any meaningful punitive damages award...." 701 So.2d at 514.
Section 34-23-8, Ala.Code 1975, provides that the maximum penalty for dispensing a different drug or different brand drug in lieu of that ordered or prescribed, without the express permission of the person ordering or prescribing the drug, is a $1,000 fine. In Winn Dixie of Montgomery, Inc. v. Colburn, 709 So.2d 1222 (Ala.1998), a case similar to the instant case, our supreme court stated:
"We must point out that the dispensing of prescription drugs is a matter of public trust and that one who dispenses them carelessly endangers the health and safety of the consumer. A $1,000 fine is a meager sanction for such a serious offense and provides little basis for determining a meaningful punitive damages award."
We conclude that the penalty was so low that there is little basis for comparing it with any meaningful punitive damages award.
We conclude that the trial court correctly held, under the guideposts of BMW I and other factors articulated in Hammond and Green Oil Co., that the punitive damages award was not excessive. The judgment is affirmed.
AFFIRMED.
ROBERTSON, P.J., and MONROE, J., concur.
CRAWLEY, J., concurs specially.
THOMPSON, J., dissents.
*248 CRAWLEY, Judge, concurring specially.
I concur specially to state that the punitive damages award is supported by the fact that the actions of the Wal-Mart pharmacists evince "indifference to or reckless disregard for the health and safety of others." BMW of North America, Inc. v. Gore, 517 U.S. 559, 576, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). Wal-Mart pharmacists are aware that a misfiled prescription can lead to severe injury or even death. Although severe injury did not occur in this case, such an outcome is certainly "likely," and a jury or a court setting punitive damages is to consider a defendant's knowledge of the potential consequences of the defendant's conduct. See BMW of North America v. Gore, 701 So.2d 507, 512 (Ala. 1997) (citing Green Oil Co. v. Hornsby, 539 So.2d 218, 223 (Ala.1989))(listing as a factor "the degree of the defendant's awareness of any hazard ... [its] conduct has caused or is likely to cause").
THOMPSON, Judge, dissenting.
I do not find the necessary degree of reprehensibility on the part of Wal-Mart Stores, Inc. to support a $190,000 punitive damages award. As the majority opinion notes, factors a reviewing court must consider in determining the degree of reprehensibility of a defendant's conduct include the duration of the defendant's conduct; the level of the defendant's awareness of the danger caused by, or likely to be caused by, his conduct; whether the defendant attempted to conceal that danger; and evidence of similar past conduct. Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala.1989).
Certainly, any error made in the filling of a prescription is cause for serious concern. The evidence in the record reflects 13 misfills to other customers reported in the Wal-Mart pharmacy in the period from June 7, 1992, through December 14, 1993. In that same period, a total of 171,000 prescriptions were filled by the pharmacy. Human error is an inevitable factor encountered in the filling of prescriptions. I do not find the overall percentage of error in the prescriptions filled by Wal-Mart to be flagrantly excessive when considered as evidence of frequent past similar conduct.
In the present case there was no evidence of intentional misconduct, concealment, or improper motive. Further, I find the 19:1 ratio of punitive damages to compensatory damages awarded and the 190:1 ratio of the punitive damages award to the statutory penalty unreasonable when considered in light of the guidelines established by the Supreme Court of the United States. BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).
Consistent application of the BMW guidelines is an imperative safeguard against punitive damages awards that would violate federal due process requirements. Because I find the $190,000 punitive damages award excessive under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, I respectfully dissent.